THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNION DE TRONQUISTAS DE PUERTO RICO LOCAL 901,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED PARCEL, INC.,<br><br>    Defendant. | CIVIL NO. 15-1364 (PAD) |

**OPINION AND ORDER**

This is an action to vacate a labor arbitration award. The case was filed in the San Juan Part of the Court of First Instance of Puerto Rico and subsequently removed to this court (Docket No. 1). For the reasons explained below, the award is affirmed.

United Parcel Service, Inc. ("UPS") and the Union de Tronquistas de Puerto Rico, Teamster Local 901 are parties to a collective bargaining agreement ("CBA"), with a mandatory grievance procedure culminating in arbitration (Docket No. 9, Exh. 1). Ausberto Gorritz worked for UPS as a driver until February 11, 2014, when he was dismissed because according to UPS, he falsified company documents. Id. at Exh. II and Exh. III at p. 9.

The Union filed a grievance with the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor and Human Resources, challenging Gorritz' termination. The arbitrator dismissed the grievance, concluding that it was not procedurally arbitrable under Article 16 of the CBA (Docket No. 9, Exh. IV, pp. 4-5; Exh. III at pp. 4-7).[1] The Union challenges the award on two grounds.

---

[1] Article 16 of the CBA- *Complaint and Grievances* describes, in its relevant part, the grievance procedure as follows: A. Grievance procedures may be invoked only by authorized Union Representatives or the Employer. B. Any complaints, controversy, misunderstanding or dispute the parties may have with regard to the interpretation or administration of the present Agreement will

Unión de Tronquistas de Puerto Rico, Local 901 v. United Parcel Service, Inc.
Civil No. 15-1364 (PAD)
Opinion and Order
Page 2

First, the Union contends the arbitrator erroneously concluded that Gorritz failed to comply with the CBA's grievance procedure because Gorritz testified that when he was notified of his termination, he told his immediate supervisor that he did not "agree" with the company's decision (Docket No. 18, at pp. 7-8; see also, Docket No. 1, Exh. 1).  Yet the arbitrator not only heard Gorritz' testimony but also the testimony of his former immediate supervisor, Nemil Rivera Román, who testified that Gorritz never complained, discussed, or met with him to discuss any complaint regarding his termination.  And so, he believed Rivera.

It is well settled that is the arbitrator who determines "the truth" respecting material matters in controversy as he believes it to be.  Hoteles Condado Beach, La Concha & Convention Ctr. v. Union de Tronquistas Local 901, 763 F.2d 34, 39 (1st Cir. 1985); Union de Periodistas de Artes Gráficas y Ramas Anexas v. Telemundo de Puerto Rico, Inc., 926 F.Supp.2d 410, 418 (1st Cir. 2013)(an arbitrator's resolution of credibility issues does not constitute grounds for vacating the arbitration award).

Second, the Union claims the award violates due process of law in that it lacks any basis or support (Docket No. 18 at pp. 8-9).  The arbitrator weighed competing contentions, ultimately adopting "what was set forth by [UPS]'s legal advisor in his memorandum of law" (Docket No. 9,

---

be resolved in the following way, unless it is mutually agreed between the Company and the Union. *C. Any grievance not presented, taken to the next step or answered within the established timeframe will be resolved based on the company's last position if the union fails to abide with the agreed timeframe or with the union's last position if the employer does not take the corresponding action within the established timeframe unless otherwise agreed between both parties.*

Section 2 – Employee Complaints / Grievances Procedures *A. When an employee has a complaint about the administration or interpretation of the present Collective Bargaining Agreement, it shall be discussed with his supervisor, and if they do not reach a satisfactory agreement, the employee will bring the case in writing to the delegate, or in his absence to the designated alternate, within ten (10) days of the occurrence.* After studying the case, the delegate will present it in writing to the Company Center Manager within five (5) working days. In return the Center Manager or his designee will have five (5) working days to give a written answer to the Delegate. B. Failing to agree, the Delegate shall report the case to the Union Business Agent or his designee within five (5) working days, who shall submit it in writing within ten (10) working days to the Company Division Manager, or his designee, and attempt to adjust the same. Failure to agree a local level hearing between the Union and the Company Division Manager will be held within fifteen (15) working days of the Division Manager receiving the grievance. The Company Division Manager or his designee will have five (5) working days after the local hearing to give an answer to the Union Business Agent.

Unión de Tronquistas de Puerto Rico, Local 901 v. United Parcel Service, Inc.
Civil No. 15-1364 (PAD)
Opinion and Order
Page 3

Exh. IV at p. 4). Contrary to the Union's view, the decision was properly founded, and in any event, is has long been settled that "arbitrators are not required to make formal 'findings of fact' to accompany the awards they issue." Raytheon Co. v. Automated Business Systems, Inc. 882 F.2d 6, 8 (1st Cir. 1989).

On that basis, the Union's request to vacate the award (Docket No. 1) must be DENIED and UPS' motion to affirm the award (Docket No. 9) GRANTED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of March, 2016.

S/ Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
United States District Judge